IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE, #326-514
        Plaintiff         :

   v.                             :        CIVIL ACTION NO. CCB-05-2985
                                     (Consolidated with CCB-05-3343)
WARDEN                    :
        Defendant

## **MEMORANDUM**

On November 2, 2005, plaintiff Warren Chase, presently incarcerated at the Eastern Correctional Institution at Westover ("ECI"), sent a letter to the court alleging that he continues to be housed in an isolation cell on a tier where he is surrounded by known enemies. In that action, he also alleged that someone has tampered with his food and that he remains at ECI in contravention of a state court order requiring his transfer to Patuxent Institution. The letter was construed as a 42 U.S.C. § 1983 complaint seeking injunctive relief, and defendant was required to respond. Paper No. 1, *Chase v. Warden*, Civil Action No. CCB-05-2985.

On December 2, 2005, plaintiff filed a second civil rights action seeking injunctive relief and again alleging that he continues to be housed near two enemies. He also claimed that he had been assaulted by a corrections officer and that officers have permitted one of his enemies to assault him. The complaint further alleges that his legal papers and other property have been wrongfully confiscated. Paper No. 1, *Chase v. Warden*, Civil Action No. CCB-05-3343.

The cases have been consolidated and are now before the court on dispositive motions filed on behalf of defendant. Paper Nos. 5 and 16. Plaintiff has filed an opposition to the first dispositive motion (Paper No. 6), and several additional requests for injunctive relief. Paper Nos. 7, 8, 11, 12, and 14.

A motion for summary judgment will be granted only if there exists no genuine issue as

to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. It is therefore plaintiff's responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial. This he has done, by indicating that he was assaulted and cut in the face by a known assailant while in the presence of correctional officers, and by detailing one incident where a laxative was placed in his food by a fellow prisoner assisting corrections personnel with a food cart.[1] Further, plaintiff has named several enemies in his pleadings, and contends that he has provided prison officials with the names of others.[2]

Because these issues cannot be answered based upon the parties' current submissions to the court, summary judgment cannot be granted at this time. Furthermore, because amendment of the complaint, discovery, and a hearing may be needed, plaintiff will be given time to file a motion for appointment of counsel. His pending requests for injunctive relief, however, will be held in abeyance, pending defendant's submission of an additional report setting forth the type of housing and security status plaintiff has received or shall receive after his segregation sentence

---

[1] It appears that paperwork for transfer to Patuxent Institution has been completed. It remains to be seen, however, whether Patuxent staff accepts plaintiff into its program. *See* Paper No. 5, October 21, 2005, letter from Shirley Mae Doane. To the extent that plaintiff wishes to pursue his argument that he was ordered placed at Patuxent by order of a state judicial officer, he may do in a separate action brought pursuant to 28 U.S.C. § 2241.

[2] Plaintiff's claim regarding improper confiscation of legal materials and other property was not addressed by defendant and remains pending.

ends[3]. A separate Order will be entered in accordance with this Memorandum.


   February 28, 2006                                    /s/
        Date                                          Catherine C. Blake
                                                      United States District Judge

---

[3] It is unclear whether plaintiff has incurred additional time on segregation beyond the segregation sentence he was serving at the time he filed his complaints. Defandant states that segregation would run at least as long as February 7, 2006. A clarification of plaintiff's status and housing situation therefore is needed.